FILED

1   Jon Tostrud (SBN 199502)
2   **TOSTRUD LAW GROUP, PC**
    1901 Avenue of the Stars, Suite 200
3   Los Angeles, CA  90067
    Tel.: (310) 278-2600
4   Fax: (310) 278-2640
5   jtostrud@tostrudlaw.com

2013 JAN -4  PM 4: 02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

6
7   *Attorneys for Plaintiffs and the Class*

8   [Additional Counsel Listed on Signature Page]

9
10          **UNITED STATES DISTRICT COURT**

            **CENTRAL DISTRICT OF CALIFORNIA**
11

12  | BRIAN WEBER, KEVIN GOBEL, | CASE NO. SACV13-00027-AG |
13  | ERIC LARSON, on behalf of themselves | (MLGx) |
    | and all others similarly situated, | |
14  | | CLASS ACTION |
15  | Plaintiffs, | |
    | | **CLASS ACTION COMPLAINT** |
16  | v. | |
17  | HYUNDAI MOTOR AMERICA, and | **JURY TRIAL DEMANDED** |
    | KIA MOTORS AMERICA, INC., | |
18  | | |
19  | Defendants. | |

20
21
22
23
24
25
26
27
28

Plaintiffs Brian Weber, Kevin Gobel, and Eric Larson, individually and on behalf of all others similarly situated, bring this class action suit against Hyundai Motor America and Kia Motors America, Inc. (collectively "Defendants").  Plaintiffs make the following allegations based upon personal knowledge as to their own acts, and upon information and belief as well as upon their attorneys' investigative efforts as to Defendants' actions and misconduct, and allege as follows:

## I.   OVERVIEW

1.     Plaintiffs bring this class action on behalf of themselves and all others similarly situated who purchased or leased a Hyundai or Kia automobile whose EPA fuel economy ratings were less than the fuel economy rating produced by the applicable federal test, as described in detail below (the "Class").

2.     Defendants have represented, through an extensive, nationwide marketing and advertising campaign, inaccurate fuel efficiency numbers for a variety of their 2011-2013 vehicle models.  The fuel efficiency numbers reported and advertised result from mandated tests outlined and specified by federal law.  The required tests are designed to foster realistic fuel efficiency numbers to enable consumers to compare one vehicle against another.

3.     Defendants' Environmental Protection Agency ("EPA") fuel economy ratings represented false information concerning the fuel efficiency of its vehicles. Defendants overstated the actual number that the federal testing would have produced by a material amount—at least a 3% difference.  Defendants advertised and displayed

false information concerning their vehicles' estimated miles-per-gallon ("MPG") fuel economy on stickers affixed to the windows of more than 900,000 Hyundai and Kia vehicles sold or leased in the United States through October 31, 2012.

4.      Each Plaintiff purchased either a Hyundai or Kia whose EPA ratings and advertised fuel efficiency numbers did not match the vehicle's actual fuel economy. The EPA ratings and advertised fuel efficiency numbers were inaccurate and, had the proper testing procedures been followed, the numbers would have been lower than Defendants reported and advertised.

5.      Plaintiff Brian Weber's 2012 Kia Sorento was marketed as having a fuel economy of 22 MPG in the city, and 32 miles per gallon on the highway.  According to Kia Motors America's announcement, the 2012 Kia Sorento's fuel economy is subject to at least a three-percent downward adjustment.  That means Plaintiff's Sorento actually has a fuel economy of approximately 21.34 city MPG and 31.04 highway MPG.

6.      Plaintiff Kevin Gobel also purchased a 2012 Kia Sorento that was marketed as having a fuel economy of 22 MPG in the city, and 32 MPG on the highway.  According to Kia Motors America's announcement, the 2012 Kia Sorento's fuel economy is subject to at least a three-percent downward adjustment.  That means Plaintiff's Sorento actually has a fuel economy of approximately 21.34 city MPG and 31.04 highway MPG.

CLASS ACTION COMPLAINT

7.      Plaintiff Eric Larson purchased a 2011 Hyundai Sonata that was marketed as having a fuel economy of 35 MPG in the city, and 40 MPG on the highway.  According to Hyundai Motor America's announcement, the 2011 Hyundai Sonata's fuel economy is subject to at least a three-percent downward adjustment. That means Plaintiff's Sonata actually has a fuel economy of approximately 33.95 city MPG and 38.80 highway MPG.

8.      Defendants have admitted that they misrepresented the fuel efficiency number on the following vehicle models whose testing was improperly performed (herein referred to as the "Published Vehicles"):

**Hyundai Vehicles**

(a)     2011-2013 Elantra (including the Coupe and the GT);

(b)     2011-2012 Sonata Hybrid;

(c)     2012-2013 Accent; and

(d)     2013 Santa Fe Sport

**Kia vehicles**

(a)     2012 Optima Hybrid;

(b)     2012-2013 Rio;

(c)     2012-2013 Sorento;

(d)     2012-2013 Soul (including the ECO); and

(e)     2012-2013 Sportage.

CLASS ACTION COMPLAINT

9.     The testing errors may extend to other Hyundai and Kia models and model years in addition to the Published Vehicles above.  These vehicles are referred to herein as "Affected Vehicles."  The "Published Vehicles" and the "Affected Vehicles" are collectively referred to herein as the "Vehicles."

10.    Defendants conducted inadequate and inaccurate EPA fuel economy testing that produced artificially high fuel economy rates on various Vehicle models. Had the appropriate federal testing been performed, the MPG EPA fuel economy rating would have reflected lower fuel efficiency numbers.  The EPA numbers provide a necessary tool for vehicle comparison for consumers when evaluating vehicles to lease and purchase.  Defendant's misrepresentations, as a result, are material.

11.    Defendants represented to customers that their Vehicles had achieved specific fuel economy ratings based on mandated testing methods specified by federal law.  Defendants' methods, however, were inaccurate and insufficient.  They resulted in fuel economy ratings that did not comport with federal regulations.

12.    Defendants' representations concerning MPG and fuel economy rating of their Vehicles were misleading and false.  Defendants knew or should have known facts indicating the inaccuracies in the gas mileage of their Vehicles.  Defendants consciously or recklessly disregarded facts that indicated fuel economy ratings were erroneous and overstated.  Consumer complaints to the National Highway Traffic Safety Administration's ("NHTSA") Office of Defects Administration ("ODI") should have alerted Defendants to the problem—consumers complained that they

4

were not getting the mileage promised.  But, Defendants nonetheless refused to correct their misrepresentations.  Defendants' conduct and failure to disclose the defects in their fuel economy ratings constitutes actionable misrepresentation, an unfair, unlawful, fraudulent, and deceptive business practice in violation of California's consumer protection law, violation of California's unfair competition law, and a breach of the express warranties offered by Hyundai and Kia.

13.     Plaintiffs and the Class seek relief for the injuries suffered as a result of the flawed and insufficient testing methods Defendants used to determine the fuel economy ratings of their Vehicles and the material misrepresentations regarding the fuel economy ratings which Defendants used to advertise and sell certain 2011-2013 Hyundai and Kia Vehicles in the United States.

14.     Plaintiffs and the Class have been damaged by Defendants' misleading, false, and deceitful misrepresentations concerning the fuel economy ratings because they purchased and/or leased Vehicles of a different quality than they were promised, and are paying higher fuel costs than they would have had the Defendants not misled Plaintiffs and the Class with incorrect fuel economy numbers.

## II.     JURISDICTION AND VENUE

15.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and (d) because the amount in controversy exceeds $5,000,000 exclusive of interests and costs, there are more than 100 members of the class, and Plaintiffs are citizens of a different state than Defendants.

16.     This Court has personal jurisdiction over Defendants because Defendants' principal places of business and headquarters are located in the District and both Defendants conduct substantial business in the District, including the conduct complained of in this Complaint.

17.     Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in the Central District of California, Defendants are subject to personal jurisdiction in this District, Defendants conduct business within this District, and Defendants' principal places of business and corporate headquarters are located in this District.

### III.     PARTIES

18.     Plaintiff Brian Weber is a resident and citizen of Wisconsin.  Plaintiff purchased a 2012 Kia Sorento in 2011.  Prior to purchasing the Sorento, he saw advertisements and the EPA fuel economy window stickers that represented a certain number of miles per gallon.  Plaintiff relied on the advertisements and fuel economy window stickers when deciding to purchase the vehicle.  Plaintiff would not have purchased the vehicle or would not have paid as much for the vehicle had he been aware of Defendants' misrepresentations regarding the fuel economy.

19.     Plaintiff Kevin Gobel is a resident and citizen of Wisconsin.  Plaintiff purchased a 2012 Kia Sorento in or around May, 2012.  Prior to purchasing the Sorento, he saw advertisements and the EPA fuel economy window stickers that represented a certain number of miles per gallon.  Plaintiff relied on the

advertisements and fuel economy window stickers when deciding to purchase the vehicle.  Plaintiff would not have purchased the vehicle or would not have paid as much for the vehicle had he been aware of Defendants' misrepresentations regarding the fuel economy.

20.    Plaintiff Eric Larson is a resident and citizen of Wisconsin.  Plaintiff purchased a 2011 Hyundai Sonata on or about March, 2011.  Prior to purchasing the Sonata, he saw advertisements and the EPA fuel economy window stickers that represented a certain number of miles per gallon.  Plaintiff relied on the advertisements and fuel economy window stickers when deciding to purchase the vehicle.  Plaintiff would not have purchased the vehicle or would not have paid as much for the vehicle had he been aware of Defendants' misrepresentations regarding the fuel economy.

21.    Defendant Hyundai Motor America is a corporation with its national headquarters located at 10550 Talbert Avenue, Fountain Valley, California 92708.  Hyundai Motor America is a wholly owned subsidiary of Hyundai Motor Company, a Korean corporation.  Hyundai Motor America markets, designs, manufactures, assembles, distributes, and sells automobiles from its California headquarters and also from the Irvine, California Hyundai & Kia California Design & Technical Center.

22.    Defendant Kia Motors America, Inc. is a California corporation with its national headquarters and principal place of business located at 111 Peters Canyon Road Irvine, California 92606.  Kia Motors America, Inc. is a subsidiary of Kia

7

Motors Corporation, a Korean corporation.  Kia Motors America, Inc. markets, designs, manufactures, assembles, distributes, and sells automobiles from its California headquarters.

## IV.   FACTUAL ALLEGATIONS

**A.    The EPA requires all automakers to use certain standard testing procedures to determine a vehicle's fuel economy estimates.**

23.    Under the Energy Policy Conservation Act of 1975 ("EPCA"), the EPA promulgated regulations that require every new car and truck or SUV up to 10,000 pounds sold in the United States to have a fuel economy label, or "window sticker," that contains the vehicle's MPG estimates.

24.    The window sticker must provide certain information about the vehicle including the manufacturer's suggested retail price, its engine and transmission specification, warranty information, and fuel economy estimates.  The fuel economy ratings are posted, among other things, for the customers' benefit to help them compare vehicles' estimated fuel economy when evaluating vehicles to lease or purchase.

25.    The EPA establishes the testing methods and calculations for determining the fuel economy estimates that are displayed on a vehicle's mandatory window sticker.  The EPA requires all automobile manufacturers to use standard testing procedures to determine a vehicle's ratings for city and highway fuel economy.

CLASS ACTION COMPLAINT

26.     The EPA's tests measure various aspects of the vehicle's design, including aerodynamics and road resistance. In addition, EPA testing incorporates several factors including high speeds, quick acceleration, accessory use (i.e., air conditioning), and driving in cold temperatures.  Based on the results of the standard test methods, the EPA releases city and highway fuel economy estimates each year for all new vehicles that a manufacturer plans to sell.

27.     Fuel economy estimates are calculated pursuant to a methodology developed by the EPA, but each vehicle manufacturer typically conducts the required tests and then transmits the data to the EPA, which certifies the numbers reported. The EPA tests roughly fifteen percent of all possible vehicle configurations to ensure the vehicle performance accurately reflects the data submitted to the EPA by vehicle manufacturers.

**B.     Defendants did not comply with EPA testing procedures.**

28.     The Defendants have joint operations in both Korea, where their parent corporations are headquartered, and in California.  Defendants perform their EPA tests at a joint testing facility in Korea.  Defendants' inaccurate fuel economy ratings resulted from procedural errors encountered during "coastdown" testing at the companies' joint testing operations in Korea.  Automobile manufacturers use coastdown tests to assist in calculating their fuel economy ratings.  Coastdown testing simulates aerodynamic drag, tire rolling resistance, and drivetrain frictional losses that

are ultimately used to generate EPA fuel economy ratings. Standard coastdown tests must comply with federal regulation.

29. The methods implemented by Defendants to test fuel economy were insufficient in design, procedure, content, execution, and/or completeness as a result of errors during coastdown testing. As a result, the methods Defendants used did not adhere to the EPA standards. Defendants' fuel economy ratings were consequently inaccurate and overstated.

30. Part of a proper coastdown test is validation of the test results. Defendants therefore either knew or should have known that their testing methodology was flawed because their fuel economy ratings were uniformly inaccurate across a large segment of vehicles and model years.

**C. Certain 2011-2013 vehicles manufactured by Defendants uniformly overstated the estimated gas mileage.**

31. Defendants have sold or leased at least 900,000 Vehicles containing window stickers that incorrectly overstated the Vehicles' estimated fuel economy rating. Defendants manufactured, marketed, and sold at least eight Hyundai models that contained flawed MPG estimates and at least five Kia models that contained flawed MPG estimates.

32. Numerous consumers complained to the EPA and to NHTSA's ODI, alleging Vehicle owners were getting substantially less MPG than the manufacturers represented. Consumer complaints expressed frustration because consumers based

CLASS ACTION COMPLAINT

their decisions to purchase Defendants' Vehicles, in part or whole, on the fuel economy factor indicated on each Vehicle's window sticker.

33.    An owner of a 2011 Hyundai Elantra Limited complained to Consumer Watchdog's website that the "average gas rating [of the Vehicle] is about 18 or 19 miles per gallon" and that he or she "completely bought this car with the claimed '29/40 mpg' in mind.  It was the primary reason [he or she] bought the car."[1]

34.    An owner of a 2012 Kia Sorento complained that, although advertised as achieving an EPA miles-per-gallon rating of 21 city/28 highway/23 combined, he or she had "never once achieved true calculated fuel economy of over 20 MPG" even though the car carried no excess weight, was driven in "fairly rural areas" with little stop-and-go-traffic, and all four tires were inflated to manufacturers specifications.[2]

35.    An owner of a 2012 Hyundai Santa Fe complained that the Vehicle "is supposed to get 20-26 miles per gallon," but "while driving [on] the highway from Florida to North Carolina, it got 15 miles to the gallon."  The owner further complained, "[t]he mileage is a lie.  The car is not getting what they claim it should."[3]

---

[1] *See* http://www.consumerwatchdog.org/resources/elantra-dh-1.pdf (last visited Dec. 13, 2012).

[2] *See* http://www.arfc.org/complaints/2012/kia/sorento/unknown_or_other/problem.aspx (last visited Dec. 13, 2012).

[3] *See* http://www.carproblemzoo.com/hyundai/santafe/2011/noises-during-shifting-problems.php (last visited Dec. 13, 2012).

36.     On November 2, 2012, in response to consumer complaints, the EPA announced the results of an investigation into allegations that certain 2011-2013 Vehicles manufactured by Defendants uniformly overstated the estimated gas mileage. According to the EPA investigation, Defendants' advertised mileage ratings varied from the actual ratings by as much as six miles per gallon, depending on the particular model, and the average of all Defendants' models combined is 3% worse than what Defendants had represented.

**D.      Defendants actively promoted the inaccurate fuel economy of their Vehicles.**

37.     Consistent with trends in consumer interest for fuel-efficient cars, Defendants have consistently promoted the fuel economy of their Vehicles. Defendants have instituted advertising and marketing campaigns designed, in large part, to boast the "superior" fuel efficiency of their Vehicles.

38.     As part of its marketing campaign, amongst other things, Hyundai developed "ebrochures" that refer to its Vehicles' MPG estimates.  The 2013 ebrochure for the Genesis sedan stated: "In 2012, Hyundai announced plans to strive for a corporate fuel economy rating that exceeds the U.S. government's stated average fuel economy (CAFE) standards for our lineup of passenger cars and light duty trucks. Through May 2012, our vehicles and technologies are well on their way towards keeping Hyundai ahead of National Highway Traffic Safety Administration

CLASS ACTION COMPLAINT

guidelines."[4]  Hyundai additionally aired commercials during the 2010 Super Bowl stating it aimed to become the "most fuel efficient car maker in America and . . . according to the EPA, [it] did it."[5]

39.    Kia, like Hyundai, also boasted inaccurate fuel efficiency of its Vehicles though marketing and advertising campaigns conveyed to the consuming public in the United States.  Kia's website states that the Optima Hybrid, Rio, and Sportage have all received the EPA Smart Way Certification Mark given by the EPA "to the cleanest most fuel efficient vehicles."[6]  According to Kia's website, the Sorento was named NADAguides June Featured Vehicle of the Month, an honor based in part on the Sorento's MPG.[7]  In addition, Kia, like Hyundai, aired commercials promoting inaccurate MPG estimates.[8]

40.    Defendants' executives have also boasted the superior fuel efficiency of the Vehicles—"The all-new Elantra, with its 29 mpg city and 40 mpg highway standard fuel economy rating, is a perfect vehicle for consumers looking for an

---

[4] *See* http://viewer.zmags.com/publication/235df2e8#/235df2e8/16 (last visited Dec. 13, 2012).

[5] *See* http://www.youtube.com/watch?v=V_nK2l-C0bE (last visited Dec. 13, 2012).

[6] *See* http://www.kia.com/#/optima-hybrid/allawards/recognition; http://www.kia.com/#/rio/allawards/recognition; and http://www.kia.com/#/sportage/allawards/recognition.

[7] *See*  http://www.kia.com/#/sorento/allawards/recognition (last visited Dec. 13, 2012).

[8] *See* http://www.youtube.com/watch?v=1Q3fQaNRkN8 (last visited Dec. 13, 2012).

CLASS ACTION COMPLAINT

affordable solution to rising gas prices," said Mike O'Brien, vice president, Product and Corporate Planning, Hyundai Motor America. "Elantra is at the core of Hyundai's fuel economy strategy. In February, 20 percent of all Hyundai vehicles sold achieved 40 mpg on the highway thanks in large part to Elantra's success."[9]

**E.    Defendants had knowledge of flawed MPG testing and estimates.**

41.    Defendants possessed knowledge and superior information to that of consumers regarding the inaccurate results of their fuel economy testing and the false MPG ratings reported to consumers through advertisements and the Vehicles' window stickers.

42.    To help them make informed choices about the vehicles they purchase, consumers reasonably rely on the gas mileage estimates and fuel economy ratings contained on vehicle window stickers and featured in manufacturers' websites, brochures, and advertisements.

43.    Defendants willfully intended consumers would rely on their advertised MPG estimates and fuel economy ratings, and consumers, including Plaintiffs, did rely on Defendants' representations that the Vehicles would perform consistent with the estimated MPG and fuel economy rating information contained on the window stickers.

---

[9] *See* http://www.autointhenews.com/hyundai-elantra-gets-40-mpg-without-hybrid-tech/ (last visited Dec. 13, 2012).

CLASS ACTION COMPLAINT

44.     According to Consumer Watchdog, in comparing the Chevrolet Cruze (EPA rating of 28-30 MPG combined) and the Hyundai Elantra (EPA rating of 33 MPG combined), the Elantra fell below its estimated MPG by twelve percent for the 2012 model and seven percent for the 2011 model.[10]   Consumer Reports' average for the Elantra was 29 MPG, Motor Trends' was 25.9 MPG, and USA Today's tester could not achieve an overall mileage higher than the low 20s.[11]   The Cruze's lower stated MPG estimates put it at a disadvantage in the market even though the Cruze surpassed its estimated MPG by three percent in 2012.[12]

45.     Capitalizing on the consumer trend toward fuel efficient vehicles, Defendants deliberately advertised false MPG ratings despite their superior knowledge of their flawed fuel economy testing.

## V.     CLASS ACTION ALLEGATIONS

46.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of themselves and all others similarly situated as members of the following class:

---

[10] http://www.consumerwatchdog.org/newsrelease/consumer-watchdog-asks-white-house-epa-%E2%80%98clean-doubts%E2%80%99-clean-air-and-mpg-tests-bring-them (last visited Dec. 13, 2012).

[11] *Id.*

[12] *Id.*

CLASS ACTION COMPLAINT

All persons who currently own or lease a Hyundai or Kia automobile whose EPA fuel economy ratings were less than the fuel economy rating produced by the applicable federal test.

Excluded from the Class are Defendants, their employees, co-conspirators, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies, as well as the judicial officers assigned to this case and their immediate family members.

47.     The Class is so numerous that individual joinder of all its members is impracticable.  Hyundai sold at least 600,000 Vehicles marketed with inaccurate fuel economy estimates, and Kia sold approximately 300,000 Vehicles marketed with inaccurate fuel economy estimates.  The precise number of Class members is unknown to Plaintiffs.  The class can be readily identified, however, through information currently within the Defendants' control including, sales records, production records, and Vehicle window stickers.

48.     Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members.  These common questions include, but are not limited to, the following:

(a)     Whether a model year of Vehicle was properly tested using the EPA accepted methodology for its fuel economy rating;

(b)     Whether a model year's stated EPA fuel economy was inaccurate;

16

(c)   Whether Defendants violated federal or state law as a result of their testing methods or dissemination of EPA fuel economy ratings;

(d)   Whether a failure to accurately state EPA fuel economy ratings constitutes an unlawful business practice or act;

(e)   Whether Defendants willfully concealed the misrepresentations regarding fuel economy ratings or recklessly disregarded their falsity;

(f)   Whether Defendants breached any warranties by misstating the EPA fuel economy ratings;

(g)   Whether Defendants engaged in unfair, unlawful and/or fraudulent business practices under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by misstating the EPA fuel economy ratings on their Vehicles' window stickers or in their advertisements, or in communications with the EPA;

(h)   Whether the same conduct violated California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*;

(i)   Whether Defendants intentionally or negligently misrepresented material facts relating to the character and quality of the vehicles;

(j)   Whether Defendants' unlawful, unfair and/or deceptive practices harmed Plaintiffs and the members of the Class;

(k)   Whether Plaintiffs and the members of the Class are entitled to equitable or injunctive relief;

17

(l)     Whether Plaintiffs and the Class are entitled to restitution or

damages, and what is the proper measure of damages.

49.     Plaintiffs' claims are typical of the claims of the Class in that Defendants manufactured, sold, warranted, and marketed defectively designed Vehicles to Plaintiffs, like all other Class members, and the claims arise from the same conduct by Defendants.  Plaintiffs seek the same relief for themselves and for the absent Class members.

50.     Plaintiffs will fairly and adequately protect the interests of the Class members.  Each Plaintiff is a member of the Class and their interests do not conflict with the interests of the Class members they seek to represent.  Plaintiffs have retained counsel highly experienced in complex consumer class action litigation.

51.     A class action is superior to all other available means for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual, the court system could not.  It would be unduly burdensome to the courts, in which individual litigation of thousands of cases would proceed.  Individual litigation presents a potential for inconsistent or contradictory judgments, the prospect of a race for the courthouse, and an inequitable allocation of recovery among those with equally meritorious claims.  Individual litigation increases the expense and delay to all parties and the court system in resolving the legal and factual issues common to all claims.  By contrast, the class action device presents far fewer management difficulties and

provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

52.     Individualized litigation would also create the danger of inconsistent or contradictory adjudications arising from the same set of facts which would establish incompatible standards of conduct for Defendants.  By contrast, a class action provides the benefits of adjudication in a single proceeding, protects the rights of each Class member, and presents no unusual management difficulties under the circumstances here.

53.     Defendants have acted or refused to act on grounds generally applicable to the entire Class, thereby making appropriate declaratory and injunctive relief with respect to the Class as a whole.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW
#### (Cal. Bus. & Prof. Code § 17200, *et seq.*)

54.     Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged herein.

55.     By engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of California's Unfair Competition Law ("UCL").  California Business and Professions Code section 17200 prohibits any "unlawful, unfair, or fraudulent business acts or practices."  Defendants have engaged in unlawful, unfair, and fraudulent business acts and

19

practices within the meaning of California business and Professions Code § 17200, *et seq.*

56.    Defendants have violated the unlawful prong because they have failed to comply with the testing methods required by the EPA and federal requirements that the Vehicles' window stickers reflect their fuel economy information.  71 Fed. Reg. 77, 872-01 (Dec. 27, 2006); 40 C.F.R. § 86, 600, 1037, 1066 (2011).  Procedural errors during "coastdown" testing at the companies' joint operations in Korea produced inaccurate fuel economy estimates requiring at least a three percent downward adjustment across the entire Class.

57.    Defendants have violated the unfair prong of the UCL statute because the Defendants' acts, omissions, misrepresentations, practices, and nondisclosures alleged herein offend established public policy and because the harm Defendants cause to consumers greatly outweighs any benefits associated with Defendants' acts and practices.  In addition, Defendants' conduct has prevented Plaintiffs and Class members from making fully informed decisions when evaluating which vehicles to lease and purchase.  As a result, Defendants' conduct has impeded competition within the automotive industry.

58.    Defendants have violated the fraudulent prong of the UCL statute because their misrepresentations and omissions regarding the MPG of their Vehicles were likely to, and did, deceive reasonable consumers.  The false representations and

CLASS ACTION COMPLAINT

1  omissions were material because a reasonable consumer would consider MPG to be a

2
3  factor when purchasing a car

4     59.    Plaintiffs request this Court enter such orders or judgments to enjoin

5  Defendants from continuing their unfair, unlawful, and/or deceptive practices and to

6
7  restore to Plaintiffs and members of the Class any money Hyundai and Kia acquired

8  by unfair competition pursuant to California Business and Professions Code § 17203,

9  and for such other relief set forth below.

10                    **SECOND CAUSE OF ACTION**
11  **VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW**
12            **(Cal. Bus. & Prof. Code § 17500, *et. seq.*)**

13     60.    Plaintiffs incorporate by reference and re-allege all paragraphs previously

14
15  alleged herein.

16     61.    California Business and Professions Code § 17500 states: "It is unlawful

17
18  for any . . . corporation . . . to make or disseminate or cause to be made or

19  disseminated . . . in any newspaper or other publication, or an advertising device, . . .

20  or in any other manner or means whatever, including over the Internet, any statement .

21
22  . . which is untrue or misleading, and which is known or which by the exercise of

23  reasonable care should be known, to be untrue or misleading."

24     62.    Defendants have spent millions of dollars to publically disseminate their

25
26  false fuel economy ratings throughout California and the United States, through

27  marketing and advertising campaigns, including their websites on the Internet.

28

CLASS ACTION COMPLAINT

Defendants' marketing and advertising statements were untrue or misleading, and were known, or should have been known through the exercise of reasonable care, to Defendants to be untrue and misleading to consumers.

63.     Plaintiffs and Class members based their decisions to purchase or lease their vehicles in substantial part on Defendants' misrepresentations and omitted material facts. Because the misrepresentations and omissions regarding the fuel economy of their vehicles as set forth were material and likely to deceive a reasonable consumer, Defendants have violated section 17500.

64.     Defendants' unfair, unlawful and/or deceptive practices have caused and continue to cause substantial injury to Plaintiffs and Class members. Plaintiffs have suffered injury in fact, including lost money or property as a result of Defendants' conduct. Plaintiffs relied on the Defendants' misrepresentations and/or omissions regarding the MPG of the Vehicle when ultimately purchasing the vehicle. Plaintiffs would not have purchased their Vehicles or paid as much for them had they known the actual MPG. Plaintiffs have already paid, and will be required to pay in the future, fuel costs over what they would have paid if Defendants had accurately disclosed their Vehicles' fuel economy.

65.     Defendants' wrongful conduct is ongoing and continues to this date. Defendants' wrongful conduct continues to be repeated as a part of Defendants' business practices both in California and nationwide.

CLASS ACTION COMPLAINT

66.     Plaintiffs and the Class request this Court enjoin Defendants from continuing to violate California Business and Professions Code §17500 *et seq.*, and to restore to Plaintiffs and the Class any money Defendants acquired by false advertising in violation of section 17500, and for such other relief as set forth below.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT
### (Cal. Civ. Code § 1750, *et seq.*)

67.     Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged herein.

68.     Defendants participated and continue to participate in unfair or deceptive acts or practices that violate the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

69.     Defendants are "persons" under Cal. Civ. Code § 1761(c).  Plaintiffs are "consumers" under Cal. Civ. Code § 1761(d) who purchased or leased one or more Vehicles manufactured by Defendants.

70.     Defendants violated the CLRA by engaging in deceptive business practices prohibited by the CLRA, Cal. Civ. Code § 1750, *et seq.*, including:

(a)     Representing that their Vehicles have characteristics, uses, benefits, and qualities, which they do not actually have;

(b)     Representing that their Vehicles are of a particular standard, quality, or grade, which they are not;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(c)     Advertising their Vehicles with the intent not to sell them as advertised; and

(d)     Representing that their Vehicles have been supplied in accordance with previous representations when they have not.

71.     Defendants employed deficient testing methods that produced inaccurate fuel economy estimates.  Defendants knew, or should have known, that their testing methods were deficient and therefore produced inaccurate fuel economy ratings. Despite their knowledge, Defendants failed to provide proper disclosures revealing Defendants' misrepresentations.

72.     A reasonable consumer would base his or her decision to purchase or lease a Vehicle in substantial part on Defendants' stated fuel economy ratings. Because fuel economy of a Vehicle is material to a reasonable consumer, a reasonable consumer would not have purchased or paid as much for the Vehicle had Defendants disclosed the actual fuel economy of the Vehicles.

73.     As a result of Defendants' violations of the CLRA, Plaintiffs and the Class have been damaged and continue to be damaged.  Plaintiffs would not have purchased their Vehicles or paid as much for them had they known the actual MPG. Plaintiffs have already paid, and will be required to pay in the future, fuel costs over what they would have paid if Defendants had accurately disclosed their vehicles' fuel economy.

CLASS ACTION COMPLAINT

74.     Pursuant to California Civil Code § 1780(a), Plaintiffs and the Class seek a court order enjoining the Defendants' above described wrongful acts and any other equitable relief for Defendants' violations of the CLRA.  After mailing the appropriate notice and demand pursuant to California Civil Code § 1782(a) and (d), Plaintiffs will amend this Complaint to include a request for damages, including actual damages, statutory damages, and punitive damages.  Plaintiffs and the Class seek any other such relief as may be necessary and just, including attorney fees and costs as provided in California Civil Code § 1780.

75.     Plaintiffs include, pursuant to Cal. Civ. Code § 1780(d), an affidavit with this Complaint that shows venue in this District is proper.

**FOURTH CAUSE OF ACTION**
**BREACH OF EXPRESS WARRANTY**
**(Cal. Com. Code § 2313)**

76.     Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged herein.

77.     Defendants' marketing and advertising constitute express warranties that their vehicles experienced a favorable fuel economy of specific a MPG, depending on the vehicle model, which served as part of the basis of the bargain between the parties.

78.     Defendants' breached these express warranties because the warranties were false—the Defendants' vehicles did not provide the promised fuel economy ratings.

25
CLASS ACTION COMPLAINT

79.     Defendants are and were at all times merchants with respect to motor vehicles under Cal. Com. Code § 2104.

80.     Under Cal. Com. Code § 2607(3)(A), Plaintiffs sent notice to Defendants.

81.     As a result of Defendants' breach of express warranties, Plaintiffs and the Class are entitled to recover damages they suffered as a result of Defendants' conduct.

**FIFTH CAUSE OF ACTION**
**FRAUD**
**(Based on California Common Law)**

82.     Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged herein.

83.     Defendants actively concealed and affirmatively misrepresented material facts regarding the fuel economy of their Vehicles.

84.     Defendants had a duty to disclose the actual fuel economy of their Vehicles as a result of their superior knowledge and affirmative misrepresentations to the contrary.

85.     Defendants willfully, falsely, and knowingly misrepresented or actively concealed material facts regarding the fuel efficiency ratings of their Vehicles. Defendants' representations were made, in whole or part, to induce the general public, including Plaintiffs and the Class, to rely on the representations and to purchase their Vehicles at prices higher than they otherwise would have.

CLASS ACTION COMPLAINT

86. Plaintiffs and the Class were unaware of the omitted material facts and, had they been aware of the suppressed facts, Plaintiffs and the Class would not have purchased the Vehicles as they did.

87. Because of Defendants' concealment and/or suppression of the facts, Plaintiffs and the Class are entitled to recover damages they suffered as a result of Defendants' conduct.

## SIXTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION
### (Based on California Common Law)

88. Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged herein.

89. Defendants negligently and recklessly made fuel economy representations to Plaintiffs and the Class that were false. These misrepresentations were contained and disseminated through various advertising and marketing materials by Defendants.

90. Defendants had no reasonable grounds for believing the representations to be true when they made them, but Defendants nonetheless intended that Plaintiffs and the Class rely on these false representations to Defendants' benefit.

91. Plaintiffs and the Class purchased their Vehicles under the impression that they would function and perform as advertised. Plaintiffs reasonably relied on Defendants' representations and, as a result, Plaintiffs and the Class were harmed.

CLASS ACTION COMPLAINT

## SEVENTH CAUSE OF ACTION
## UNJUST ENRICHMENT
### (Based on California Common Law)

92.     Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged herein.

93.     Defendants have benefited and been enriched by Defendants' wrongful acts and omissions.  Defendants charged a higher price for their Vehicles than the Vehicles' true value and Defendants, as a result, generated revenue that rightfully belongs to Plaintiffs and the Class.

94.     Because of their wrongful conduct and omissions, Defendants have enjoyed the increased financial gains to the detriment of Plaintiffs and the Class.

95.     The circumstances, as described herein, are such that it would be inequitable and unjust for Defendants to retain these wrongfully obtained profits.

96.     Plaintiffs, as a result, seek an order requiring Defendants to make restitution to themselves and the Class.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendants as follows:

A.     An order certifying the Class and any appropriate subclasses thereof, and appointing Plaintiffs as Class Representatives and the undersigned counsel as Class Counsel;

CLASS ACTION COMPLAINT

B.      An order or decree declaring the conduct of Defendants as alleged herein to be unlawful, unfair, and/or deceptive;

C.      An order requiring Defendants to notify all Class members about the inaccurate fuel economy ratings of their Vehicles at the Defendants' expense and to provide the correct fuel economy ratings to the Class;

D.      An award to Plaintiffs and the Class of actual and compensatory damages, as proven at trial;

E.      An award to Plaintiffs and the Class of restitution of all monies paid to Defendants as a result of unlawful, deceptive, and unfair business practices;

F.      An award to Plaintiffs and the Class of reasonable attorney fees, costs, and pre- and post-judgment interest; and

G.      Any such other and further relief as this Court deems just, equitable, and proper.

## VIII.  JURY DEMAND

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a trial by jury in this case as to all issues so triable.

Dated: January 4, 2013

Respectfully submitted,

Jon A. Tostrud (SBN 199502)
**TOSTRUD LAW GROUP, P.C.**
1901 Avenue of the Stars, Suite 200

29

Los Angeles, CA. 90067
Telephone:   (310) 278-2600
Facsimile:    (310) 278-2640
Email: jtostrud@tostrudlaw.com


Daniel E. Gustafson
Jason S. Kilene
Lucy G. Massopust
**GUSTAFSON GLUEK PLLC**
650 Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, Minnesota  55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
jkilene@gustafsongluek.com
lmassopust@gustafsongluek.com

*ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV13- 27 AG (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [_] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself □)
BRIAN WEBER, KEVIN GOBEL, and ERIC LARSON, individually and on behalf of all others similarly situated

**DEFENDANTS**
HYUNDAI MOTOR AMERICA, and KIA MOTORS AMERICA, INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jon Tostrud (SBN 199502), Tostrud Law Group, PC, 1901 Avenue of the Stars, 2nd Fl., Los Angeles, CA 90067
Tel: (310) 278-2600

**Attorneys (If Known)**

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff
□ 3 Federal Question (U.S. Government Not a Party)
□ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
□ 2 Removed from State Court
□ 3 Remanded from Appellate Court
□ 4 Reinstated or Reopened
□ 5 Transferred from another district (specify):
□ 6 Multi-District Litigation
□ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes □ No     □ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Cal. Bus & Prof. Code §§ 17200 and 17500, Consumer Legal Remedies Act, Breach of Express Warranty, Fraud, Negligent Misrepresentation, Unjust Enrichment

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | **BANKRUPTCY** | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| □ 810 Selective Service | | □ 360 Other Personal Injury | □ 441 Voting | □ 610 Agriculture | □ 820 Copyrights |
| □ 850 Securities/Commodities/ USC 3410 | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury- Med Malpractice | □ 442 Employment | □ 620 Other Food & Drug | □ 830 Patent |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury- Product Liability | □ 443 Housing/Acco- mmodations | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| ☒ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | | **SOCIAL SECURITY** |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | | □ 445 American with Disabilities - Employment | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | **REAL PROPERTY** | | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 893 Environmental Matters | **REAL PROPERTY** | □ 210 Land Condemnation | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 220 Foreclosure | □ 440 Other Civil Rights | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | □ 230 Rent Lease & Ejectment | **IMMIGRATION** | □ 690 Other | □ 865 RSI (405(g)) |
| □ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | □ 240 Torts to Land | □ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| □ 950 Constitutionality of State Statutes | □ 240 Torts to Land | □ 245 Tort Product Liability | □ 463 Habeas Corpus- Alien Detainee | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| | □ 290 All Other Real Property | | □ 465 Other Immigration Actions | | □ 871 IRS-Third Party 26 USC 7609 |

---

**FOR OFFICE USE ONLY:** Case Number: _SACV13- 00027_

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes

If yes, list case number(s): _____

**VIII(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case? ☐ No   ☑ Yes

If yes, list case number(s):  SA CV12-01909-JVS(JPRx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☑ A.  Arise from the same or closely related transactions, happenings, or events; or

☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☑ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Brian Weber is a resident of Wisconsin<br>Kevin Gobel is a resident of Wisconsin<br>Eric Larson is a resident of Wisconsin |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Hyundai Motor America resides in Orange County, CA  Kia Motors America, Inc. resides in Orange County, CA | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, CA | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_        Date January 4, 2013

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

Jon A. Tostrud (SBN 199502)
Tostrud Law Group, PC
1901 Avenue of the Stars, 2nd Fl.
Los Angeles, CA 90067
Tel: (310) 278-2600
Fax: (310) 278-2640

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WEBER, KEVIN GOBEL, ERIC LARSON, on behalf of themselves and all others similarly situated, <br><br> PLAINTIFF(S) <br><br> v. <br><br> HYUNDAI MOTOR AMERICA. and KIA MOTORS AMERICA, INC., <br><br> DEFENDANT(S). | CASE NUMBER <br><br> SACV13-00027-AG(mLGx) <br><br> **SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Jon A. Tostrud_____, whose address is _1901 Avenue of the Stars, 2nd Fl., Los Angeles, CA. 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _January 4, 2012_____

By: _____MARILYN_____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*